Weldon, J.,
delivered the opinion of the court:
On the 5th of June, 1878, the claimant was appointed a lieutenant (junior grade) in the United States Navy; and continued to discharge the duties of that position until June 16,1885,, at which date the Secretary of the Navy, under the authority of section 1454 of the Revised Statutes, issued an order wholly' retiring claimant from the naval service from that date, with one year’s pay. At the time of retirement claimant was on sea duty, and paid at the rate of $2,000 per year.
He was paid $1,400 as the year’s extra pay under said order, but he has demanded from the accounting officers the sum of $2,000 as the pay to which, as he claimed, he was entitled.
The term “ one year’s pay,” as used in section 1454, has always been construed by the accounting officers of the Treasury to entitle the officer to a year’s leave pay of the grade held afe retirement.
*21 It is insisted by tbe claimant that upon tbe above state of facts be is entitled to recover tbe sum of $600, or tbe difference between “leave pay” and tbe pay to which be would have been "entitled if be bad remained in tbe service for one year and continued to discharge the obligations of “sea duty.”
At tbe time be was retired f>y tbe action of tbe President, although nominally on sea duty, be was in fact incapacitated to perform tbe obligations of that duty, because, as found by tbe board, he was unfit for “active service,” and tbe legal effect of that finding was to put him “on leave or waiting orders.” He could not have remained in tbe active service, because tbe board found such a condition, in fact,as would have prevented him from performing tbe duty of tbe active service. If be had remained in tbe Navy what would have been bis relation to the service for the time subsequent to the finding of tbe board ? He was found at that date to be in a condition unfit for the active service, and in legal contemplation be would have assumed from that time such relations to tbe service as would be applicable to bis condition, which would have been “ either on leave or awaiting orders.” If be had remained in tbe service and performed sea duty he would have been entitled to the sum of $2,600; but it is shown that be was incapable to perform tbe obligations of such duty, and would of necessity, because of such inability, he reduced to tbe legal status of “ on leave or waiting orders,” in either of which relations be would have only been entitled to tbe sum of $1,400. To permit him to recover the sum of $2,000 would be to decide against tbe action of the board of examination, that a party was entitled to recover the compensation of a position tbe duties of which be could not have discharged and which be did not in fact or in law bold. (The claim of tbe petitioner was settled on the basis of construction given to tbe statute by the accounting officers of the Government, from the enactment of the law, and such constructions are entitled to great consideration when tbe statute is to be judicially interpreted. “ While such practice can not control tbe court in tbe construction of tbe statutes, it should always be carefully considered and in doubtful cases allowed to turn tbe scale.” (20 C. Cls. R., 18.)
Tbe same principle was decided by this court in Hahn’s Case (14 C. Cls. R., 305), affirmed by tbe Supreme Court (107 C. S. R., 402). Also in Alexander Case (12 Wall., 177, and 7 C. Cls. *22 R.,205); Wright Case (15 C. Cls. R., 87); Brown Case (18 id., 537), affirmed by the Supreme Court (113 U. S. R., 568), and Harrison Base (20 C. Cls. R., 122.) The case of The United States v. North (112 U. S. R., 510), cited by counsel for claimant;, differs from the case at bar in the essential particular that the service in that case would have been of the same character if the tenure of service had not been terminated. The law under which the action was brought continued a condition of service beyond the time when the service in fact terminated. If section 1454 had extended, in effect, the relation which the claimant held when he was declared incapacitated, that might change his rights; but it is not necessary to discuss or determine that question, as it does not arise in this case.
It is the opinion of the court that the accounting officers construed the law correctly, and that the petition should be dismissed.